

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 0 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSEPH WYSOCKI and SCOTT BRYAN, Each Individually And on Behalf of All Others Similarly Situated**                                    **PLAINTIFFS**

vs.                                  No. 4:21-cv-__323-DPM__

**BROWN'S MOVING & STORAGE, INC.**                              **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Joshua Liles, Samuel Lunnie, Dimitrios Stubblefield, Justin Thomas, Steven Caldwell, Joseph Wysocki and Scott Bryan, each individually and on behalf of all others similarly situated, ("Plaintiffs") by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Brown's Moving & Storage, Inc. ("Defendant"), state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs Joshua Liles, Samuel Lunnie, Dimitrios Stubblefield, Justin Thomas, Steven Caldwell, Joseph Wysocki and Scott Bryan, each individually and on behalf of all other Drivers and Helpers or similarly situated employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Harris_

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiffs and other Drivers and Helpers a lawful minimum wage and overtime compensation for hours worked in excess of 40 hours per week.

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully violated the FLSA as described, *infra*.

4. This case is a follow-up to the case of *Mitchell, et al. v. Brown's Moving & Storage, Inc.*, 4:19-cv-783-LPR; this case makes the same claims as those in that case, but because of the limitations of the temporal scope of the notice class certified in that case, this case differs in that it is pled to cover a different period of time. The cases do not overlap.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

7. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9. Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

10. The witnesses to the overtime violations reside in this District.

11. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III.   THE PARTIES

12. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff Joshua Liles is a citizen and resident of Pulaski County.

14. Plaintiff Samuel Lunnie is a citizen and resident of Pulaski County.

15. Plaintiff Dimitrios Stubblefield is a citizen and resident of Tarrant County, Texas.

16. Plaintiff Justin Thomas is a citizen and resident of Garland County.

17. Plaintiff Steven Caldwell is a citizen and resident of Pulaski County.

18. Plaintiff Joseph Wysocki is a citizen and resident of White County.

19. Plaintiff Scott Bryan is a citizen and resident of White County.

20. Defendant Brown's Moving & Storage, Inc., is a for-profit corporation created and existing under and by virtue of the laws of the State of Arkansas, providing moving, packing and delivery services under the name Blue Truck Moving & Delivery.

21.  Defendant's principal address is 12 Shackleford Ridge Road, Little Rock, Arkansas, 72204.

22.  The Arkansas Secretary of State's online business entity database indicates that Defendant's registered agent for service of process has resigned. Thus, service may be made on its corporate officer and president, Anita Fiser, or other corporate agent duly authorized to receive service of process on behalf of Defendant at Defendant's principal address.

## IV.  FACTUAL ALLEGATIONS

23.  Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.  Plaintiffs worked for Defendant as Drivers and Helpers within the three years preceding the filing of this Complaint.

25.  Plaintiffs worked for Defendant as Drivers and Helpers out of Defendant's location in Little Rock.

26.  Plaintiffs were paid based on a percentage of the fee charged by Defendant to its customers for each moving job they completed.

27.  At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

28.  Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

29.  During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce

or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as moving trucks and equipment and office and telecommunication equipment.

30. Defendant was at all relevant times Plaintiffs' employer, as well as the employer of the members of the proposed collective group and is and has been engaged in interstate commerce as that term is defined under the FLSA.

31. Within the three years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiffs.

32. Plaintiffs performed duties such as traveling to meet with Defendant's customers, assisting customers with moving tasks, transporting customers' personal property, and setting up and installing customers' personal property.

33. Other Drivers and Helpers performed the same duties as Plaintiffs.

34. Plaintiffs were regularly required to and did work in excess of forty hours per week.

35. Other Drivers and Helpers were also regularly required to and did work in excess of forty hours per week.

36. Plaintiffs were paid a varying percentage of the total moving job price.

37. Other Drivers and Helpers were paid by the same method as Plaintiffs.

38. If Plaintiffs delivered furniture that the customer returned, Plaintiffs were not paid at all for that delivery job.

Page 5 of 13
Joshua Liles, et al. v. Brown's Moving & Storage, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-____
Original Complaint—Collective Action

39. Because Plaintiffs were paid based on a percentage of the fee charged by Defendant to its customers, not on an hourly rate, Plaintiffs' effective hourly rates regularly fell below the applicable minimum wage.

40. For example, Plaintiff Liles regularly worked 65 hours or more per week and his pay was typically between $400.00-500.00 per week, as calculated by Defendant's percentage fee arrangement.

41. Defendant did not keep track of Plaintiffs' hours of work.

42. Defendant had no policy or practice in which it audited Plaintiffs' hours of work and pay to determine whether Plaintiffs made a minimum hourly wage for all hours worked per week.

43. It was Defendant's commonly applied policy not to pay Plaintiffs or other Drivers and Helpers for all hours worked in excess of forty in a week, such as time spent traveling between and working at customer locations or working at Defendant's warehouse.

44. Defendant did not pay Plaintiffs or other Drivers and Helpers any overtime premium for hours worked in excess of forty in a week.

45. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Drivers and Helpers violated the FLSA and the AMWA.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

similarly situated as Drivers and Helpers who were or are employed by Defendant and who are entitled to payment for all of their minimum and overtime wages that Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

48. In conformity with the requirements of FLSA Section 16(b), Plaintiffs file their written Consents to Join this collective action as Exhibit 1 to their Original Complaint—Collective Action.

49. Plaintiffs are unable to state the exact number of the collective but believe that the collective's membership is over 30 persons.

50. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant, excluding the claims covered by the *Mitchell* case.

51. The names and physical and mailing addresses of the FLSA collective members are available from Defendant.

52. The email addresses of many of the FLSA collective members are available from Defendant.

53. The proposed FLSA collective members are similarly situated in that they share these traits:

    A. They had substantially similar job duties, requirements and pay provisions;

    B. They did not receive a lawful minimum wage for all time spent working for Defendant; and

    C. They did not receive a proper overtime premium for all hours worked in excess of forty (40) in a week.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

54.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

55.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.   At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

57.   At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59.   Defendant failed to pay Plaintiffs a lawful minimum wage and overtime premium.

60.   By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiffs to receive a lawful minimum wage and overtime premium.

61.   Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

62.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages, unpaid overtime wages,

liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee, as provided by the FLSA.

## VII.  SECOND CAUSE OF ACTION
### (FLSA § 216(b) Representative Action Claim)

63.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

64.     Plaintiffs bring this collective action on behalf of all Drivers and Helpers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid minimum wages and overtime compensation for all the hours they worked in excess of forty (40) each week.

65.     Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

66.     In the past three years, Defendant has employed many Drivers and Helpers other than Plaintiffs.

67.     Like Plaintiffs, these Drivers and Helpers regularly worked more than forty (40) hours in a week.

68.     Defendant failed to pay these employees a lawful minimum wage for all hours worked and proper overtime wages for all hours worked in excess of forty (40) in a week.  Because these employees are similarly situated to Plaintiffs, and because they are owed minimum and overtime wages for the same reasons, the opt-in class is properly defined as follows:

> **All drivers or helpers that had the job of operating a box truck for moving and delivery of goods for Brown's Moving & Storage, Inc.'s, customers during any part of the period from July of 2018 through April 9, 2019, and/or November 5, 2019, through July of 2020 and/or October of 2020 through March of 2021.**

69. Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the years prior to the filing of this Plaintiffs' Original Complaint.

### VIII.   THIRD CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

71. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section

72. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-203(4).

73. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Defendant failed to pay Plaintiffs all minimum and overtime wages owed, as required under the AMWA.

75. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee, as provided by the AMWA, for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' Original Complaint, plus periods of equitable tolling.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Joshua Liles, Samuel Lunnie, Dimitrios Stubblefield, Justin Thomas, Steven Caldwell, Joseph Wysocki, and Scott Bryan, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for the following relief:

A. That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and their relating regulations;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and their relating regulations;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and their relating regulations in an amount equal to all unpaid minimum wage and

overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

    F.    An order directing Defendant to pay Plaintiffs and members of the collective prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

    G.    Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSHEPH WYSOCKI and SCOTT BRYAN, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        /s/ Josh Sanford
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSEPH WYSOCKI and SCOTT BRYAN, Each Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFFS**

vs.                               No. 4:21-cv-_____

**BROWN'S MOVING & STORAGE, INC.**     **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: _Joshua_ (signed)
JOSHUA LILES

Date: April 20, 2021

**Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS**            **PLAINTIFFS**
**STUBBLEFIELD, JUSTIN THOMAS, STEVEN**
**CALDWELL, JOSEPH WYSOCKI and SCOTT**
**BRYAN, Each Individually and on Behalf of All**
**Others Similarly Situated**

vs.         No. 4:21-cv-_____

**BROWN'S MOVING & STORAGE, INC.**            **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: _/s/ Sam L_
SAMUEL LUNNIE

Date: April 20, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Pkwy, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (800) 615-4946**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSEPH WYSOCKI and SCOTT BRYAN, Each Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFFS** |
| vs. | No. 4:21-cv-_____ |
| **BROWN'S MOVING & STORAGE, INC.** | **DEFENDANT** |

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: *Dimitrios Stubblefield*
DIMITRIOS STUBBLEFIELD

Date: April 20, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Pkwy, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (800) 615-4946**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSEPH WYSOCKI and SCOTT BRYAN, Each Individually and on Behalf of All Others Similarly Situated**   **PLAINTIFFS**

vs.   No. 4:21-cv-_____

**BROWN'S MOVING & STORAGE, INC.**   **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: *Justin Thomas*
JUSTIN THOMAS

Date: April 20, 2021

**Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSEPH WYSOCKI and SCOTT BRYAN, Each Individually and on Behalf of All Others Similarly Situated | PLAINTIFFS |
| vs. | No. 4:21-cv-_____ |
| BROWN'S MOVING & STORAGE, INC. | DEFENDANT |

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: _____
STEVEN CALDWELL

Date: April 20, 2021

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS                             PLAINTIFFS
STUBBLEFIELD, JUSTIN THOMAS, STEVEN
CALDWELL, JOSEPH WYSOCKI and SCOTT
BRYAN, Each Individually and on Behalf of All
Others Similarly Situated

vs.                              No. 4:21-cv-_____

BROWN'S MOVING & STORAGE, INC.                                      DEFENDANT

## CONSENT TO JOIN COLLECTIVE ACTION

    I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: _/s/ Joe Wysocki II_
JOSEPH WYSOCKI

Date: April 20, 2021

Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA LILES, SAMUEL LUNNIE, DIMITRIOS STUBBLEFIELD, JUSTIN THOMAS, STEVEN CALDWELL, JOSEPH WYSOCKI and SCOTT BRYAN, Each Individually and on Behalf of All Others Similarly Situated**                                    **PLAINTIFFS**

vs.                                        No. 4:21-cv-_____

**BROWN'S MOVING & STORAGE, INC.**                                    **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Driver or Helper for Brown's Moving & Storage, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

Signature: _____
SCOTT BRYAN

Date: April 20, 2021

**Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com**